IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN LUIS LEONOR,                    )
                                     )
          Plaintiff,                 )          4:04cv3330
                                     )
     vs.                             )          MEMORANDUM AND ORDER
                                     )
FRED BRITTEN, et al.,                )
                                     )
          Defendants.                )


     This matter is before the court on filing no. 71, the defendants' Motion to Stay
Discovery.  The plaintiff, Juan Luis Leonor, a prisoner in the custody of the Nebraska
Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant
to 42 U.S.C. § 1983, alleging that the defendants violated his right of access to the courts.

     The defendants base their Motion to Stay Discovery on their claim to qualified
immunity asserted in filing no. 68, their recently filed Motion for Summary Judgment.
However, in filing no. 68, the defendants also raise many factual reasons why the plaintiff's
allegations cannot be true, and the plaintiff's allegations, if true, may indeed defeat qualified
immunity.  The defendants may not file a motion asserting that no factual issues exist and
at the same time deny the plaintiff access to the facts.[1]   Therefore, filing no. 71, the
defendants' Motion to Stay Discovery, is denied.

     SO ORDERED.

     DATED this 7th day of September, 2005.

                                        BY THE COURT:



                                        /s Richard G. Kopf
                                        United States District Judge

_____

     [1]"[Q]ualified immunity is 'an entitlement not to stand trial or face the other burdens
of litigation.'"  Saucier v. Katz, 533 U.S. 194, 200 (2001), quoting Mitchell v. Forsyth, 472
U.S. 511, 516 (1985).  However, this is not a case in which the court is asked to determine
the issue of qualified immunity on the pleadings alone.  The defendants may not retain
exclusive control over access to the underlying facts and evidence, and at the same time
deny that any genuine issues of material fact remain for trial.