IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN LUIS LEONOR, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3330 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 99, the Notice of Appeal filed by the plaintiff, Juan Luis Leonor; and filing no. 100, the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") filed on November 30, 2006. In his Notice of Appeal, the plaintiff states that he appeals filing nos. 92 and 93, the Memorandum and Order and accompanying Judgment entered on July 17, 2006, and filing no. 97, the Memorandum and Order entered on October 30, 2006, denying the plaintiff's Motion to Alter or Amend Judgment.

**Timeliness**

Upon review of the record, I conclude that the appeal is timely. The plaintiff's Motion to Alter or Amend Judgment (filing no. 94) was filed as of July 31, 2006. However, the plaintiff dated his Motion July 27, 2006, and the envelope bears a date stamp of July 28, 2006. Thus, the plaintiff deposited his Motion into the prison mail system on July 27 or 28, 2006. A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) must be filed no later than 10 days after entry of the judgment. However, the "prison mailbox rule"[1] gives the plaintiff the benefit of the date he deposited his motion into the prison mail system. Also, Fed. R. Civ. P. 6(a) gave the plaintiff the benefit of one intermediate weekend. Thus, the plaintiff's Rule 59(e) Motion was timely.

Fed. R. App. P. 4(a)(1)(a) gives a party in a civil case to which the United States is not a party thirty (30) days in which to file a Notice of Appeal.  Pursuant to Fed. R. App.

---

[1] See generally Houston v. Lack, 487 U.S. 266, 270-76 (1988) and progeny.

P. 4(a)(4)(A)(v), that time begins to run from the entry of an order disposing of a Rule 59(e) motion.  The plaintiff filed his Notice of Appeal on November 30, 2006, but the envelope in which the Notice of Appeal arrived at the court bears a date stamp of November 29, 2006, the thirtieth day after the entry of filing no. 97, the Memorandum and Order denying the plaintiff's Motion to Alter or Amend Judgment.  Applying the prison mailbox rule again, I consider the plaintiff's Notice of Appeal timely.

### IFP

This court previously granted the plaintiff leave to proceed IFP in the district court, and Fed. R. App. P. 24(a)(3) therefore applies to this appeal.[2]  Even if an appellant is granted leave to proceed IFP on appeal, the Prison Litigation Reform Act ("PLRA") nevertheless requires a prisoner to pay the enti $455 appellate filing fees by making monthly payments to the court.  See 28 U.S.C. § 1915(b); Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997).

As set forth in Henderson v. Norris, when a district court receives a prisoner's Notice of Appeal in a civil action, the court assesses the $455 appellate filing fees.  If certified trust account information has not been provided with the Notice of Appeal, the court requests the information from the prisoner's institution.  When the court receives the certified copy of the inmate's trust account information, the court:

> (a) calculates the initial partial appellate filing fee as provided by 28 U.S.C. § 1915(b)(1), or determines that the provisions of 28 U.S.C. § 1915(b)(4) apply....
>
> (b) notifies the prison officials to collect and pay the initial partial appellate filing fee from the prisoner's trust account and to calculate and pay the remaining installments to the clerk of the district court until the whole of the

---

[2]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

>   appellate filing fee has been paid in full as provided by 28 U.S.C. § 1915(b)(2); and
>
>   (c) sends a copy of the collection order to the prisoner.[3]

Id. at 484-85.

In this case, the court has not received a certified copy of the plaintiff's trust account information for the six (6) months preceding the Notice of Appeal. Until such information is received, the court will grant the plaintiff provisional leave to proceed IFP on appeal, and the Clerk of Court shall request the necessary information from the appropriate financial official for the plaintiff's institution. Upon receipt of the trust account information, the court will issue an order specifying the amount of the initial partial appellate filing fee (or revoking the plaintiff's IFP status if the trust account information reveals that he does not qualify financially to proceed IFP).

Assuming the plaintiff does qualify to proceed IFP, the remaining balance of the filing fees, after payment of the initial partial appellate filing fee, shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2),[4] which states:

>   (b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In addition, district courts should continue to certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed IFP on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, the court shall,

---

[3] If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the Notice of Appeal, the court shall calculate the initial partial appellate filing fee at $35 or such other reasonable amount as is warranted by available information.

[4] By filing a Notice of Appeal, the appellant is deemed to have consented to the deduction of filing fee payments from his inmate trust account.

pursuant to Fed. R. App. P. 24(a), state in writing the reasons for the denial. Henderson v. Norris, 129 F.3d at 485. I conclude that the plaintiff's appeal in this case is taken in good faith.

THEREFORE, IT IS ORDERED:

1. That filing no. 100, the plaintiff's Application for Leave to Proceed In Forma Pauperis on appeal, is provisionally granted, subject to receipt of a certified copy of the plaintiff's inmate trust account information for the six (6) months preceding the Notice of Appeal;

2. That the Clerk of Court shall request the necessary trust account information from the financial official for the plaintiff's institution;

3. That upon receipt of the trust account information, the court will calculate the initial partial appellate filing fee and notify the plaintiff, his institution, and the Eighth Circuit accordingly; and

4. That the Clerk of Court shall process this appeal to the Eighth Circuit Court of Appeals.

December 4, 2006.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge